United States District Court
Southern District Of New York

Jorge Gomez          Petitioner

                                        17 civ. 6190 (PGG)

vs.
                                        15 Cr. 348 (PGG)

United States Of America
            Respondent


Motion To Leave An Amend Under
Fed. R. Civ. P. 15(c)(1)(B) which Relate
Back To Original Pleading Doc 1, 20, 21
And 30 under 28 U.S.C. 2255(f)(1)


## Procedoral History I

And Now, Here comes Petitioner Jorge Gomez Pro se, who avers to correct the record as these proceeding should turn to the Direct Appeal. see U.S. v. Gomez, 17-1292-cr 2d cir (Oct 1, 2018)

Now the facts under the supreme court law, Petitioner also benefit from receiving 90 days extra on the time barred of Jan 1, 2019 to Jan 1, 2020 under 28 U.S.C 2255 (f)(1). See Clay v. United States, 337 U.S. 522, 327, 123 S.Ct

1072, L.Ed 2d, 88 (2003)

Petitioner will further develope the record as he suffer a miscarriage of justice in law. See Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed. 2d 714 (2003) (Claims not raised on direct appeal are not allowed to be raised on collateral review under 28 U.S.C. 2255 unless the petitioner shows cause and prejudice); see McHale v. United States, 175 F.3d 115, 119-20 (2d cir. 1999) (failure to perfect appeal constitutes ineffective assistance without the need to show that the appeal would have had merit). Therefore petitioner direct his attention to a controlling law of the land. See Castro v. United States, 340 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed. 2d 778 (2003); see Whab v. United States, 408 F.3d 116, 118 (2d cir. 2005) citing ching v. United States, 298 F.3d 174, 177 (2d cir. 2002).

Petitioner address the record in the previous documents 1, 20, 21 and 30 which appear to follow under 15(a). As these filing were all directed under one-year statue toll Jan 1, 2019 to Jan 1, 2020. See Clay v. United States, 537 U.S. 522, 527 123 S.Ct. 1072, 155 L.Ed 2d 88 (2003) see Wiggin v. Smith U.S. 510, 526, 123 S.Ct. 2527, 156, 2d 471 (2003) (finding ineffective assistance when counsels failure to investigate thoroughly resulted from inattention not reasoned strategic Judgement)

## Summary Of The Argument

Ground One: Appellate Counsel was Ineffective For not Raising on Direct Appeal Mr. Gomez Plea Withdrawal and Proceed to Trial as 841(b)(1)(A) Drug Amount Insufficient

## Argument

Petitioner approach today is to meet Cause and Prejudice, see Massorare v. United States, 538 U.S. 500, 504, 123 S.ct. 1690, 155 L.Ed. 2d 714 (2003). When the record was clear petitioner had debatable claim to challenge his insufficient Mandatory Minimum statue of conviction. Upon this clear understanding and the facts if appellate counsel would have not failed to raise these critical issue on direct appeal. Which led Petitioner to suffer prejudice during direct appeal as Appellate counsel failed to raise withDraw of Plea due to insufficient drug amount statue of conviction and Mr. Gomez seek to proceed to trial. See United States v. Gonzales, 420 F.3d 111; 2005 U.S. App. Lexis 17961 No. 03-1356 (2d cir. Aug. 22, 2005) (Withdraw Plea Drug Amount Insufficient). See Castro v. United States, 124 s.ct. 786 (2003) (Re-characterized his 28 U.S.C. 2255(f)(1)).

Furthermore petitioner moving with these challenge it would have establish a different outcome as in Alleyne v. United States, 133 S.ct. 2151, 186 L.Ed. 2d 314 (2013) show clear insufficient mandotory minimum during direct appeal. Now as the Second Circuit Court of Appeals Judges came forth with a ruling that points to Appellate counsel deficient performance in a Anders Brief filing. see McHale v. United States, 175 F.3d 115, 119-20 (2d cir. 1999)(failure to perfect appeal constituted ineffective assistance without the need to show that the appeal would have had merit). This will further show why cause and prejudice was met on Direct Appeal. As petitioner claims on the record, see Case 17-CV-06190-PGG Doc 36 (12-20-19 page 6) The fact that the actual amount of cocained seized was 4.98 Kilograms rather than five kilograms was of little import (Id.) Gomez nonetheless was pressing Lind to move to withdraw Gomez's plea - a course of action that Lind believed would be counter-productive (Id.) These facts were available during the Appellate counsel filing Anders Brief after Mr. Gomez explain to Mr. Lind in all stages to withdraw plea deal and proceed to Trial Term. When the record was clear Gomez did not want to plead to wrong statue of conviction which met miscarriage of Justice in law. see Johnson v. United States, 313 F.3d 815, 2002 U.S. App. Lexis 26474 No. 01-2528 (2d cir Dec 23, 2002): See Williams v. United States, 2015 U.S. Dist. Lexis 20044 14-CV-0829(KMV) S.D.N.Y. (Feb 19, 2015) Wherefore upon this critical finding Petitioner follow to re-instate his Direct Appeal. see McHale v. United

States, 75 F.3d 115, 119-20 1999 U.S. App. Lexis 6062 No. 97-2966 (2d cir. April 5, 1999)

## Conclusion

Petitioner Prays Honorable District Court Judge Paul G. Gardephe re-instates petitioner Direct Appeal or in the alternative Withdraw Plea and Proceed to Jury Trial. see Hill v. Lockhart, 474 U.S. 52, 57 (1985)

Respectfully Submitted

*Jorge Gomez*

Jorge Gomez # 72297-054
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA. 17887

Date April 5 2021

## Certificate of Service

Jorge Gomez Prose states this certifies that and complete copy of all the foregoing was mailed to the United States Southern District Court upon service to United States Attorney offices, Upon First Class Mail.

Via Mail

Patrick Egan/Shawn Crowley/Richard Coopes
Assistant United States Attorneys

Respectfully Submitted

*Jorge Gomez*

Jorge Gomez # 72297-054
FCI Allenwood medium
P.O. Box 2000
White Deer PA. 17887

Date April 5, 2021

MEMO ENDORSED:

This Court denied Petitioner Jorge Gomez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (17 Civ. 6190, Dkt. No. 1) on December 20, 2019. (17 Civ. 6190, Dkt. No. 36). On June 8, 2020, Gomez moved for reconsideration of this Court's December 20, 2019 order denying his Section 2255 motion and for issuance of a certificate of appealability (17 Civ. 6190, Dkt. No. 40), which this Court denied on August 8, 2020. (17 Civ. 6190, Dkt. No. 45) Gomez has filed notices of appeal of both orders. (17 Civ. 6190, Dkt. Nos. 38, 46) Gomez's notices of appeal deprive this Court of jurisdiction over his Section 2255 motion. See United States v. Martin, 18-CR-834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020) ("'The filing of a notice of appeal is an event of jurisdictional significance,' which 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'") (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Accordingly, the motion to amend is denied.

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

Dated: April 15, 2021

INMATE NAME/NUMBER: Jorge Gomez 72297-054
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD medium
P.O. BOX 2000
WHITE DEER, PA 17887

RECEIVED
2021 APR -9 PM 12: 15
CLERK'S OFFICE
S.D.N.Y.

Legal mail

⇔ 72297-054 ⇔
U S District Court
500 Pearl ST
Clerk of Court
NEW YORK, NY 10007
United States

Crim. Docketing @

HARRISBURG PA 171
6 APR 2021 PM 6 L

